**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                              :

**MIGUEL A. RIVERA,**            :

               **Plaintiff,**        :

                              :        **OPINION AND ORDER**

      **- against -**           :

                              :        **08 Civ. 5590 (SAS)**

**THE FEDERAL BUREAU OF PRISONS,**   :
**DOCTOR   D. SOMMER, Clinical Director of**   :
**the Federal Correctional Institution Otisville,**   :
**and DOCTOR P. WILLIAMS, Clinical**   :
**Director of the Federal Correctional Institution**   :
**Otisville,**   :

                              :

               **Defendants.**       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

       Pro se plaintiff Miguel A. Rivera has moved to re-open the above

captioned case pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"),

based upon alleged exceptional circumstances.[1]  Rivera brought this action against

the Federal Bureau of Prisons ("BOP") under the Federal Tort Claims Act

("FTCA") and the Prison Litigation Reform Act ("PLRA"), and against several of

---

[1]     *See* Plaintiff's Memorandum of Law in Support of Motion for Relief
of Judgment ("Pl. Mem.") dated June 14, 2013 (Doc. # 29).

BOP employees pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*.[2]

Rivera asserted several claims relating to his medical care during his incarceration

at the Federal Correctional Institution in Otisville, New York ("F.C.I. Otisville"),

including allegations that defendants were willfully indifferent to his medical

needs, or alternatively, that defendants were at least negligent in treating him.

Rivera also alleged that defendants unlawfully transferred him from F.C.I. Otisville

to the Federal Correctional Institution in Butner, North Carolina ("F.C.I. Butner").

On March 5, 2009, this Court granted in part and denied in part

defendants' motion for partial dismissal.[3]  In particular, this Court found that while

at F.C.I. Otisville, Rivera stated a cognizable deliberate indifference claim with

respect to his kidney problems against Doctors Diane Sommer and Phyllis

Williams.  However, Rivera failed to sufficiently allege the personal involvement

of three other F.C.I. Otisville employees, Frederick Menifee, Barbara Sullivan, and

Craig Apker.[4]  This Court dismissed both Rivera's claim regarding the

unlawfulness of his transfer to F.C.I. Butner and the deliberate indifference claim

---

[2]     403 U.S. 388 (1971).

[3]     *See Rivera v. Federal Bureau of Prisons*, No. 08 Civ. 5590, 2009 WL
585828 (S.D.N.Y. Mar. 5, 2009).

[4]     *See id.* at *4–5.

2

for his medical treatment there.[5]  With respect to Rivera's surviving FTCA claim alleging medical malpractice, this Court substituted the United States of America (the "Government") in place of named individual defendants.[6]

On June 17, 2009, this Court approved the parties' proposed Stipulation and Order of Settlement and Dismissal (the "Settlement"), which dismissed all of Rivera's outstanding claims against the remaining defendants.[7] Rivera now seeks to vacate the Settlement and proceed to a jury trial, pursuant to Rule 60(b)(6), asserting that the Government breached its legal obligations under the Settlement.  For the following reasons, his motion is denied.

## II.   LEGAL STANDARDS

### A.   Standard under Rule 60(b)

"Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience

---

[5]     *See id.* at *6 ("Rivera cannot base a claim on his transfer from a facility that cannot properly care for him — F.C.I. Otisville — to a facility that can — F.C.I. Butner — because leaving him at F.C.I. Otisville[] would affect the quality of his medical care.").

[6]     *See* 3/16/09 Order (Doc. # 23).

[7]     *See* 6/17/09 Stipulation and Order of Settlement and Dismissal (Doc. # 28).

that justice be done in light of all the facts."[8]  Rule 60(b) does not provide a party

with the opportunity to relitigate the merits of a case in an attempt to win a point

already "carefully analyzed and justifiably disposed."[9]  Accordingly, motions for

relief from judgment under Rule 60(b) are generally disfavored in the Second

Circuit.[10]

Rule 60(b) provides that a district court may relieve a party from a

final judgment or order in five enumerated circumstances and, according to a sixth

subparagraph, for "any other reason that justifies relief."[11]  If any other

---

[8]     *Smalls v. United States,* 471 F.3d 186, 191 (D.C. Cir. 2006) (quotation marks, ellipses, and citation omitted).  *Accord Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments.  In other words, it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.") (quotation marks and citations omitted).

[9]     *In re Bulk Oil (USA) Inc.*, No. 93 Civ. 4492, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (stating that a court should not "reconsider issues already examined simply because [a party] is dissatisfied with the outcome of [its] case. To do otherwise would be a waste of judicial resources.") (quotation marks and citation omitted).

[10]    *See Empresa Cubana Del Tabaco v. General Cigar Co.*, 385 Fed. App'x 29, 31 (2d Cir. 2010) ("We have cautioned, however, that Rule 60(b) motions are disfavored . . . "); *Simone v. Prudential Ins. Co. of Am.*, 164 Fed. App'x 39, 40 (2d Cir. 2006); *United States v. International Bd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

[11]    Fed. R. Civ. P. 60(b)(6).

4

subparagraph of Rule 60(b) is applicable, Rule 60(b)(6) will not apply.[12]  The

Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound

discretion of the district court and are generally granted only upon a showing of

exceptional circumstances."[13]  In fact, "'[i]t is well established . . . that a proper

case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme

hardship.'"[14]  The Second Circuit has set forth a three-prong test in order for a Rule

60(b) motion to succeed: (1) there must be "highly convincing" evidence in

support of the motion; (2) the moving party must show good cause for failing to act

sooner; and (3) the moving party must show that granting the motion will not

impose an undue hardship on any party.[15]

        In addition, the moving party's burden to obtain Rule 60(b) relief is

greater "[w]hen the parties submit to an agreed-upon disposition instead of seeking

a resolution on the merits . . . than if one party proceeded to trial, lost, and failed to

---

[12]     *See Nemaizer*, 793 F.2d at 63.

[13]     *Mendell in behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d
Cir. 1990) (citing *Nemaizer*, 793 F.2d at 61).  *Accord Paddington Partners v.
Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).

[14]     *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (quoting
*United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (quotation marks and
citations omitted)).

[15]     *See Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.
1987).

appeal."[16]  "The legal consequences of a stipulation incorporated in a court order may not be undone simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic."[17]

Finally, "pro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion."[18] "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel."[19]

### B.    Standard under Rule 60(b)(3)

Rule 60(b)(3) provides for relief from judgment where there is "fraud . . . , misrepresentation, or misconduct by an opposing party."[20]  It is well established that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."[21]  According to the Second Circuit, fraud upon the court

---

[16]     *Nemaizer*, 793 F.2d at 63.

[17]     *Id.* at 59–60.

[18]     *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

[19]     *Broadway v. City of New York*, No. 96 Civ. 2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

[20]     Fed. R. Civ. P. 60(b)(3).

[21]     *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).  *Accord King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) ("Fraud upon

6

"is limited to fraud which seriously affects the integrity of the normal process of adjudication" and embraces "'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'"[22]  Examples of conduct that meet the definition of fraud upon the court include bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of improperly influencing a judge.[23]

## III.   DISCUSSION

### A.   Rule 60(b)(6)

Rivera has filed a Motion for Relief of Judgment pursuant to Rule 60(b)(6) based on the ground that the Government breached the terms of the Settlement by not providing Rivera with a kidney transplant.[24]  Rivera asserts that he entered into the Settlement primarily because the Government promised him a much needed kidney transplant during his incarceration.[25]

---

the court must be established by clear and convincing evidence.").

[22]   *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (quoting *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (internal quotation marks omitted)).

[23]   *See United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

[24]   *See* Pl. Mem. at 3.

[25]   *See id.*

Rivera's rationale is inconsistent with the unmistakable language of the Settlement.  The only affirmative obligation that the Government agreed to perform was to give Rivera a check for $90,000, which was "in full settlement of any claims that the Plaintiff now has or may acquire against [the defendants] . . . on account of the alleged facts, events, and circumstances giving rise to this action."[26] The Settlement does acknowledge that if the BOP provides Rivera with kidney dialysis and a possible kidney transplant, the BOP will pay for all expenses associated with these services apart from the statutorily mandated fees that Rivera must pay.[27]  Nevertheless, the plain language of the Settlement does not impose an affirmative duty on the Government to guarantee a kidney transplant to Rivera. Instead, Rivera agreed to terms that clearly do not promise him a kidney transplant. Additionally,  Rivera agreed that the Settlement "contains the entire agreement between [the] parties," and representations not included in the document "shall be of no effect."[28]   Rivera acknowledges that he has received the $90,000 payment.[29] Accordingly, the Government has not breached the Settlement and there are no

---

[26]    Settlement ¶ 2.

[27]    *See id.* ¶ 4.

[28]    *Id.* ¶ 8.

[29]    *See* Pl. Mem. at 2.

extraordinary circumstances that warrant Rule 60(b)(6) relief.

## B.  Eighth Amendment

In his Rule 60(b) motion, Rivera also alleges that he has a constitutional right to a kidney transplant under the Eighth Amendment.[30] However, he did not raise that claim in his original complaint, and "[a] Rule 60(b) motion does not provide the movant an opportunity to raise new claims."[31]  In any event, while recognizing that severe kidney problems are typically treated with dialysis or transplant, this Court has previously held that "[t]he choice of appropriate treatment, however, is for F.C.I. Butler's medical staff to make, not Rivera."[32]

## C.  Rule 60(b)(3)

Finally, Rivera alleges that the Government fraudulently induced him to settle by falsely leading him to believe that he would receive a kidney transplant.[33]  The Court will construe this particular portion of Rivera's motion as if brought under Rule 60(b)(3) because an action may not be brought under Rule

---

[30]    *See id.* at 4.

[31]    *Bye v. United States*, No. 94 Civ. 5067, 1998 WL 635546, at *3 (S.D.N.Y. Sept. 16, 1998).

[32]    *Rivera*, 2009 WL 585828, at *6.

[33]    *See* Pl. Mem. at 5.

60(b)(6) if it is premised on one of the grounds for relief enumerated in the specific clauses in Rule 60(b).[34]

Even after drawing all reasonable inferences in favor of Rivera, the allegations of fraud in his Motion for Relief of Judgment are conclusory, provide no material evidence, and fail to identify any misrepresentation that jeopardized the integrity of the court.[35]  Because there are no reasons that justify relief here, Rivera's 60(b)(3) motion fails.

Furthermore, the Rule 60(b)(3) portion of Rivera's Motion for Relief of Judgment may be time-barred.  The Settlement was entered on June 17, 2009. Rule 60(c)(1) states that: "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Here, Rivera's Motion for Relief of Judgment was filed on June 14, 2013, which is almost four years since the filing of the Settlement that dismissed his action with prejudice.

## IV.   CONCLUSION

---

[34]     *See International Bd. of Teamsters*, 247 F.3d at 391–92.

[35]     *See* Pl. Mem. at 5 ("When the Defendants entered into a Settlement agreement, they did so with the fraudulent intent to persuade the Plaintiff into believing that he would get a transplant during his incarceration, when they knew that the Bureau of Prisons has never authorized such transplant.  Clearly, the Defendants never had an intention to grant Plaintiff a transplant.").

For the reasons stated above, Rivera's Motion for Relief of Judgment is denied.  The Clerk of the Court is directed to close this Motion for Relief of Judgment (Document # 29).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             September 12, 2013

11

## - Appearances -

**Plaintiff (pro se):**

Miguel A. Rivera
Reg. #51388-004
F.C.I. Butner Medium II
P.O. 1500
Butner, North Carolina 27509


**For Defendant:**

James Nicholas Boeving
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2748
James.N.Boeving@usdoj.gov